
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| **PUREVDORJ RAGCHAA; NARANTSATSRAL SUKHEE,** | No. 13-71910 |
| Petitioners, | Agency Nos.    A099-329-660 |
| v. | A099-329-661 |
| **LORETTA E. LYNCH, Attorney General,** | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2016[**]
San Francisco, California

Before:    **WALLACE**, **SCHROEDER** and **KOZINSKI**, Circuit Judges.

**1.** We review adverse credibility determinations for substantial evidence.

Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010). Both the IJ and the BIA

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

explicitly invoked the totality of the circumstances standard in their decisions and "provide[d] specific instances in the record that form[ed] the basis of the agency's adverse credibility determination." Id. at 1042.

The IJ evaluated petitioners' demeanor, the consistency and plausibility of their testimony, and the detail with which they testified. According to the IJ, petitioners were hesitant or evasive at times. Parts of their testimony were inconsistent with each other and with the documentary evidence. Aspects of Ragchaa's story were implausible, as was his timeline of events. The IJ found that Sukhee's testimony lacked key details and she couldn't remember what happened when questioned further on those points. Therefore, the IJ fulfilled her duty to "state explicitly the factors supporting . . . her adverse credibility determination." Id.

The BIA found that the IJ based her adverse credibility determination on "multiple factors," such as inconsistencies and implausibility in petitioners' testimony. As an example, the BIA noted inconsistencies in Sukhee's testimony about the abuse she suffered in jail. The BIA didn't find any clear error in the IJ's adverse credibility determination. Our review of the record confirms this finding.

**2.**  Because the BIA didn't reach the nexus issue, neither do we.  See I.N.S. v. Ventura, 537 U.S. 12, 16–17 (2002) (per curiam); Tekle v. Mukasey, 533 F.3d 1044, 1056 (9th Cir. 2008).  The adverse credibility determination independently supports the denial of petitioners' applications for asylum and withholding of removal.  See Shrestha, 590 F.3d at 1048 & n.6.

**DENIED.**